219 A.2d 766.
CHRISTINE A. McHALE *vs.* DIRECTOR OF PUBLIC WORKS.
CHRISTINE A. McHALE *vs.* SAME.

MAY 23, 1966.

PRESENT: Roberts, C. J., Paolino, Powers and Joslin, JJ.

**PER CURIAM.** These two petitions for the assessment of damages resulting from the taking by the defendant of a portion of the petitioner's property and for severance damages to the remainder were consolidated for trial and were heard before a justice of the superior court sitting without a jury. The cases are here on the defendant's exceptions to the decisions awarding damages amounting in the aggregate to $200,000 plus interest of $33,036.62. They were argued to us as though together they constituted but a single case and we consider them as if they were.

While defendant agrees that under our settled rule success of his challenge to the decision depends on his convincing us that the trial justice in making the factual determinations upon which his conclusions were premised misconceived or overlooked material evidence, he argues otherwise. In substance he contends that we should be concerned with the weight given by the fact trier to the sharply conflicting expert testimony on the question of damages and he urges that we find the prerequisite misconception and disregard in the preference given by the trial justice to the testimony of petitioner's expert witnesses. It is obvious that he does not understand the true nature of our rule.

The bases upon which defendant predicates his contentions go to the weight of the evidence and to the significance and value the trial justice attached to the various and diverse factors upon which the experts rested their respective opinions of the fair market value of what was taken. What evidence was the more persuasive and which expert testimony was the more convincing were properly the concern of the trial justice whose obligation it was to resolve conflicts in testimony and to make factual determinations. That was his duty rather than ours and he performed it. We accept his determinations and on review we will assign error only if we are persuaded that his findings were premised on a misconception or disregard of material evidence and were clearly wrong. In these cases defendant has not met the burden of persuasion.

The defendant's exception in each case is overruled, and the cases are remitted to the superior court for entry of judgment on the decisions.

*Rabinowitz & Zimmerman, Edward L. Singsen, Coleman B. Zimmerman,* for petitioner.

*J. Joseph Nugent,* Attorney General, *Arthur N. Votolato, Jr.,* Chief Counsel, *Thomas H. Needham,* Assistant Counsel, for respondent.